1DISCIPLINARY PROCEEDINGS
PER CURIAM.*
James B. Aime is charged by Disciplinary Counsel with violating Disciplinary Rules 1.15 and 8.4(a)-(c). These charges arise out of Aime’s representation of Edith J. Leibe, a long-time client of Aime whose bipolar disorder led to her hospitalization in July of 1988. At that time Aime and his secretary, Donna Tanguis, convinced Leibe to execute a power-of-attorney giving Aime and Tanguis control of approximately $150,991.18 of Leibe’s money. Aime is charged with intentionally commingling and converting $90,607.26 of those funds.
After the filing of formal charges by the Disciplinary Counsel, Leibe filed a civil lawsuit seeking to recover the converted funds from Aime. This suit has since been settled, with a consent judgment being rendered in favor of Leibe and providing for a plan under which Aime is to make period payments until he has satisfied his debt to Leibe. In addition, Aime was arrested and charged with a violation of LSA-R.S. 14:67 (felony theft) as a result of his misuse of Leibe’s funds. Pursuant to a plea agreement with the State, Aime entered a plea of guilty to unauthorized use of movables worth over $1,000.00, a violation of LSA-R.S. 14:6s.[1] Based upon this guilty plea, Disciplinary Counsel sought and obtained from this Court, pursuant to Supreme Court Rule XIX, § 19(C), an interim suspension of Aime for ¡¿violations of Disciplinary Rules 1.15 and 8.4(a)-(c), effective September 3, 1993. In re Aime, 93-B-1695 (La. 9/3/93); 623 So.2d 1290.
After considering all the documentary and testimonial evidence presented to the hearing *1174 committee below, as well as the related civil and criminal judgments in this matter, we find that the Disciplinary Counsel has proven, by clear and convincing evidence, that James B. Aime violated Disciplinary Rules 1.15 and 8.4(a)-(c) by intentionally commingling and converting $90,607.26 entrusted to him by Edith J. Leibe. The sanction recommended by the Disciplinary Board for this violation of the Code of Conduct is disbarment. See La. State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986). Respondent has not objected to this aspect of the Disciplinary Board’s recommendation.[2]
Accordingly, based upon the record before us, and in conformity with Rule XIX, §§ 19(E) and 20, we hereby adopt the recommendation of the Disciplinary Board. Pursuant to Rule XIX, § 10(A)(7), we hereby order James B. Aime disbarred and his license to practice law revoked, effective September 3, 1993, and further order all costs of these proceedings assessed against him.
DISBARMENT ORDERED.

 Judge Henry L. Yelverton, Court of Appeal, Third Circuit, sitting by assignment in place of Justice James L. Dennis. Justice Harry T. Lemmon not on panel. Rule IV, Part 2, § 3.

. Aime’s guilty plea and sentence were subsequently affirmed on appeal. State v. Aime, 94-KA-0539 (La.App. 4 Cir. 12/28/94), 646 So.2d 1263 (unpublished disposition).

. Respondent has objected to the Disciplinary Board's recommendation regarding the amount of restitution which he should pay before he may apply for readmission to the bar. We pretermit consideration of the issue of the amount of restitution due because it not ripe for judicial review at this time.